UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    SUPERSEDING
                                      INFORMATION
        -v.-                     :
                                      S2 13 Cr. 242 (SAS)
                                 :
JAMAINE TAYLOR,
    a/k/a "Maine,"               :

        Defendant.               :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 3 0 2014

COUNT ONE

The United States Attorney charges:

1. From approximately in or about 2012, up to and including on or about April 2, 2013, in the Southern District of New York and elsewhere, JAMAINE TAYLOR, a/k/a "Maine," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substances that JAMAINE TAYLOR, a/k/a "Maine," the defendant, conspired to distribute and

possess with intent to distribute were (1) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A), and (2) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly referred to as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The United States Attorney further charges:

4. From approximately in or about 2012, up to and including on or about April 2, 2013, in the Southern District of New York, JAMAINE TAYLOR, a/k/a "Maine," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Information, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

COUNT THREE

The United States Attorney further charges:

5. From approximately in or about 2007, up to and including on or about April 2, 2013, in the Southern District of New York and elsewhere, JAMAINE TAYLOR, a/k/a "Maine," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

7. The controlled substance that JAMAINE TAYLOR, a/k/a "Maine," the defendant, conspired to distribute and possess with intent to distribute was a quantity of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

8. As a result of committing the controlled substance offenses alleged in Counts One and Three of this Information, JAMAINE TAYLOR, a/k/a "Maine," the defendant, shall

forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Three of this Information, including but not limited to a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Counts One and Three of this Information.

### Substitute Asset Provision

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant --

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or

        (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____
PREET BHARARA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMAINE TAYLOR,
a/k/a "Maine,"

Defendant.

SUPERSEDING INFORMATION

S2 13 Cr. 242 (SAS)

PREET BHARARA

United States Attorney.